STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| Appeal of Wesco, Inc. | } | |
| (Warning Notice re: Sign Ordinance Violation) | } | Docket No: 208-10-05 Vtec |
| | } | |

<u>Entry Order on Motion to Alter or Amend and</u>
<u>Revised Decision and Order on Cross-Motions for Summary Judgment</u>

Appellant Wesco, Inc., filed an appeal in this Court from a decision of the Development Review Board (DRB) of the City of South Burlington, taken under the City's Sign Ordinance. Appellant is represented by Marc B. Heath, Esq., and William E. Simendinger, Esq.; the City is represented by Amanda S. E. Lafferty, Esq.

The Court issued its decision and order on the parties cross-motions for summary judgment on December 28, 2005. The City moved to alter or amend that decision in several respects, although not to alter the judgment. The City is concerned that this Court's statements not prejudice the City's arguments in any other forum. The Court in writing the decision was and is equally concerned to explain itself adequately so that this Court's statements would not prejudice any party in another forum, having been the unintended cause of collateral estoppel in one previous case. See <u>Bowman v. Ackerman, et al.</u>, Docket No. 2003-133 (Vt. Sup. Ct., Oct. 2, 2003) (mem.). Accordingly, we are editing and reissuing the December 28, 2005 decision and order to make it as clear as possible what is and is not being decided by that decision. The amended decision follows:

The parties have moved for summary judgment; the following facts are undisputed unless otherwise noted. The City of South Burlington adopted a Sign Ordinance under 24 V.S.A. Chapter 59 and §2291, not as a zoning ordinance under 24 V.S.A. Chapter 117, and

1

repealed any inconsistent zoning ordinances. The Sign Ordinance was adopted effective June 3, 2002, and was amended on April 8, 2003, and March 8, 2005. Section 24 of the Sign Ordinance pertains to Non-Conforming Signs.

On December 5, 2003, under the City's Land Development Regulations, the Development Review Board (DRB) approved a site plan for 1118 Williston Road. Appellant-Applicant asserts that that site plan showed a free-standing sign in a location in which such a sign had existed for many years. No party appealed that site plan approval, nor a subsequent Certificate of Occupancy. Accordingly, under 24 V.S.A. §4472(d) neither the site plan approval nor the Certificate of Occupancy can be contested, directly or indirectly, either by Appellant or by the City. The factual question of whether there was a pre-existing sign in that location, and the legal question of whether 24 V.S.A. §4472(d) applies beyond the forum of the Environmental Court, are not decided by this Court in this decision.

On September 2, 2004, the Issuing Municipal Official under the Sign Ordinance, who is the same individual who is also the Zoning Administrator, issued a sign permit allowing placement of the sign that is the subject of the present appeal. The sign permit did not attach a copy of the approved site plan.

The fact that a single individual holds two municipal offices and has authority to take action under two ordinances does not transform action taken under the sign ordinance to action taken under the zoning ordinance. Cf., In re Randolph Town Office Zoning Appeal, Docket No. 106-6-05 Vtec, slip op. at 3 (Vt. Envtl. Ct., Mar. 30, 2006). Similarly, evidence as to the course of dealings between Appellant's representatives and City officials regarding the issuance of the sign permit is not relevant to the question of whether the Environmental Court has jurisdiction over the present asserted appeal.

On November 22, 2004, the new sign was erected in the location claimed by Appellant to be the same location as the previously existing sign. The cost of the sign

2

materials and labor is also not relevant to the present asserted appeal.

On July 15, 2005, the Code Enforcement Officer (the same individual as the Issuing Municipal Officer and the Zoning Administrator) issued a written warning that the new sign was erected less than 20 feet from the Williston Road right-of-way, asserting a violation of §9(c) of the Sign Ordinance, a section adopted in 2002. A month later the Code Enforcement Officer issued a Vermont municipal complaint regarding the claimed sign violation. That complaint is within the jurisdiction of the Vermont Judicial Bureau.

Appellant filed an appeal of the Warning Notice with the Development Review Board, which is the body designated under the Sign Ordinance to hear municipal appeals under that ordinance, as well as the body which hears municipal zoning appeals. In the present action Appellant sought to appeal to this Court the DRB's denial of its appeal under the Sign Ordinance.

Appeals of actions of municipal officials or boards taken under ordinances adopted under 24 V.S.A. Chapter 59, if appealable, must be filed in Superior Court under V.R.C.P. 75 (or 74). They are not appealable to this Court unless they are taken under 24 V.S.A. Chapter 117 or Chapter 61, subchapter 12. 4 V.S.A. §1001(b). This is the case despite the fact that a single individual may carry out municipal responsibilities under both ordinances, or, indeed, despite the fact that a single municipal panel, the DRB, is the municipal appeals board under both ordinances. Accordingly, the City's Motion for Summary Judgment must be granted and this appeal must be dismissed in this Court, without prejudice to any filings that may be made in Superior Court in any appeal under the Sign Ordinance, before the Judicial Bureau in any action to enforce the Sign Ordinance, or in any other action in Superior Court.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that the City's Motion for Summary Judgment is GRANTED, without prejudice to Appellant's

seeking to file the appeal in any other forum, and Appellant's Motion for Summary Judgment is DENIED, without prejudice to raising the same arguments in any appropriate forum.  This decision and order concludes the above-captioned appeal.


Done at Berlin, Vermont, this 10th day of April, 2006.


_____
Merideth Wright
Environmental Judge